**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

Richline Group, Inc. and
Janel Russell Designs, Inc.

                Plaintiffs,

v.

                              Civil No. _____

Samuels Jewelers, Inc.

                Defendants

**COMPLAINT FOR
COPYRIGHT INFRINGEMENT**

Now come Plaintiffs Richline Group, Inc. ("Richline") and Janel Russell Designs, Inc. ("JRD") (collectively, "Plaintiffs") for their Complaint against Samuels Jewelers, Inc.:

**PARTIES, JURISDICTION AND VENUE**

1.     Richline Group, Inc. ("Richline") is a Delaware corporation with its principal place of business at 1385 Broadway, New York, New York 10018.

2.     Janel Russell Designs, Inc. ("JRD") is a jewelry design company having its principal place of business at 2866 Middle Street, St. Paul, Minnesota 55117.

3.     Upon information and belief Samuels Jewelers, Inc. ("Samuels Jewelers") is a Texas corporation with its corporate headquarters located at 2914 Montopolis Drive, Ste 200, Austin, Texas 78741

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 as it arises under Title 17 of the United States Code.

5. This Court has personal jurisdiction over the Defendant because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this judicial district, and Defendant is found and is doing business in this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400.

### JANEL RUSSELL CREATES MOTHER AND CHILD DESIGN

7. For many years, Janel Russell has designed unique pieces of jewelry.

8. In 1980, Janel Russell created a unique work referred to hereinafter as "Mother and Child". The Mother and Child is shown in Exhibit 1 to this Complaint. The Mother and Child is subject to U.S. Copyright Registration VAu23-358 granted by the U.S. Copyright Office on March 2, 1981. A copy of this registration is attached to this Complaint as Exhibit 2. The Mother and Child is also subject to U.S. Copyright Registration VA111-110 granted on October 18, 1982. A copy of this registration is attached as Exhibit 3 to this Complaint. Both of these registrations have been assigned to JRD.

9. In subsequent years, Janel Russell created derivative works based upon the original work shown in Exhibit 1. These works include earrings, lockets, bracelets and pendants and the like. Other derivative works include a heart-shaped derivation of the Mother and Child design. The heart-shaped derivation is shown in Exhibit 4 to this Complaint.

10. Exhibit 5 includes copies of other registrations relating to earrings and rings incorporating the Mother and Child design. Janel Russell Designs, Inc. had ownership of these copyright registrations.

11. Since 1981, products incorporating the Mother and Child design and derivations thereof have been sold pursuant to license by a variety of entities.  All copies of the Mother and Child work and derivatives thereof made by JRD or under its authority or license have been published in strict conformity with the provisions of the United States Copyright Act of 1976 and all other laws governing copyright.  As a result of the efforts undertaken by JRD and its authorized licensees, products incorporating the Mother and Child design have become widely successful commercial products.  More than one million such products have been sold.  To date, over one million units have been shipped on a wholesale basis representing approximately $40 million.  Sales continue to increase.  In fact, annual sales have more than doubled between 1994 and 2011.  Products incorporating the Mother and Child are or have been widely available in Canada, Europe, South Africa, Australia and New Zealand.  From 1981 through 2009, JRD's licensees advertised products incorporating the work in various magazines and trade publications such as JCK and Modern Jeweler.  Since 1981, newspaper ads have been run by various retailers who carry the product.  The Mother and Child design has been shown in the annual JCK Jeweler's Directory virtually every year since 1983.  From 1990 through present, the Mother and Child design has been advertised in other JCK publications.  Since 1996, the Mother and Child design has been advertised in Modern Jeweler.  The Mother and Child design has also been advertised in periodicals such as In Store,

Professional Jeweler, Jewelers, Inc., IJO, RJO, Luxury and USA Today.  Nearly all of these ads include a picture of the Mother and Child work.  The Mother and Child has also been displayed at various trade shows from 1982 to present.

12.   In order to maximize exploitation of her intellectual property rights, Ms. Russell formed JRD.

13.   On October 13, 2009, JRD assigned legal title in the Mother and Child copyrights to Richline, but retained a beneficial interest in the copyright by virtue of royalties it receives from Richline from the sale of Mother and Child jewelry.

14.   Richline has continued many of JRD's efforts to promote the Mother and Child.

**SAMUELS JEWELERS COPIES THE MOTHER AND CHILD JEWELRY WITHOUT AUTHORIZATION**

15.   Upon information and belief, Samuels Jewelers is a former customer of Kirchner Corporation ("Kirchner").  Kirchner is a former licensee of JRD. Before JRD assigned legal title in the Mother and Child to Richline, Kirchner sold authorized copies of the Mother and Child to Samuels Jewelers.

16.   Samuels Jewelers is advertising, offering for sale, selling and otherwise distributing through its stores across the country and the Internet, including within this judicial district, a sterling silver, diamond accent bracelet which infringes on the copyrighted Mother and Child design (hereinafter "the Infringing Bracelet").  A printout of Samuels Jewelers' website showing the Infringing Bracelet is attached as Exhibit 6 to this Complaint.

4

17. Samuels Jewelers is advertising, offering for sale, selling and otherwise distributing through its stores across the country and the Internet, including within this judicial district, a sterling silver, diamond accent pendant which infringes on the copyrighted Mother and Child Design (hereinafter "the Infringing Pendant"). Ms. Russell ordered the Infringing Pendant from Samuels Jewelers' website and Samuels Jewelers shipped the Infringing Pendant to Ms. Russell at her place of business in Minnesota. An image of the Infringing Pendant is shown below and is attached to this Complaint as Exhibit 7.



**Infringing Pendant sold by Samuel Aarons to Ms. Russell (Ex. 7)**

18. Samuels Jewelers is advertising, offering for sale, selling and otherwise distributing through its stores across the country and the Internet, including within this judicial district, a sterling silver, diamond accent fashion pendant which infringes on the copyrighted Mother and Child Design (hereinafter "the Infringing Fashion Pendant"). A

printout from Samuels Jewelers' website showing the Infringing Fashion Pendant is attached as Exhibit 8 to this Complaint.

19. Below is a side-by-side comparison of the copyrighted Mother and Child and the Infringing Bracelet. A side-by-side comparison of the Mother and Child and the Infringing Bracelet is also attached as Exhibit 9 to this Complaint.



| Original Mother and Child Oval-Shaped Design | Samuels Jewelers' Infringing Bracelet (Ex. 6) |

*<Remainder of Page Intentionally Left Blank>*

20. Below is a side-by-side comparison of the copyrighted Mother and Child and the Infringing Pendant. A side-by-side comparison of the Mother and Child and the Infringing Pendant is attached as Exhibit 10 to this Complaint.



| **Original Mother and Child Oval-Shaped Design** | **Samuels Jewelers' Infringing Pendant (Ex. 7)** |

*<Remainder of Page Intentionally Left Blank>*

21. Below is a side-by-side comparison of the Mother and Child and the Infringing Fashion Pendant. A side-by-side comparison of the Mother and Child and the Infringing Fashion Pendant is attached as Exhibit 11 to this Complaint.



| **Original Mother and Child Oval-Shaped Design** | **Samuels Jewelers' Infringing Pendant (Ex. 8)** |

<Remainder of Page Intentionally Left Blank>

## COUNT I: COPYRIGHT INFRINGEMENT

22. The allegations from the preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

23. Richline's Mother and Child work and derivatives thereof are covered by its copyright registrations, are each original and constitute copyrightable subject matter.

24. JRD and Richline have complied in all respects with the provisions of the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. and have secured their rights and privileges in the original Mother and Child work and derivatives thereof and have obtained Certificates of Registration from the Registrar of Copyrights, the United States Copyright Office.  The registrations for the original Mother and Child work shown in Exhibit 1 were effective prior to the commencement of infringement by Defendant.

25. The exclusive rights granted to the copyright owner under 17 U.S.C. § 106 include (a) the right to reproduce the copyrighted works and copies; (b) the right to prepare derivative works on the copyrighted work; and (c) the right to distribute copies of the copyrighted work to the public.

26. Pursuant to 17 U.S.C. § 105, an infringer is one who violates the exclusive rights of the copyright owner as provided in 17 U.S.C. § 106.

27. Samuels Jewelers has had access to Richline's copyrighted works, is copying Richline's copyrighted works and is distributing copies of Richline's copyrighted works within the United States, all exceeding and without the authorization of Richline and in violation of Richline's rights under the Copyright Laws of the United States.

28. The acts of the Defendant have been willful, deliberate and despite Plaintiffs' notice of copyright, all to the profit of Defendant and to the damage and injury of Plaintiffs. Such damage and injury is irreparable and will continue unless the Court enjoins such infringement. The wrongful acts of the Defendant have caused the Plaintiffs substantial monetary damage in an amount yet to be determined.

29. JRD has been damaged by virtue of the lost royalties JRD is to receive from Richline caused by Samuels Jewelers' infringement.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray for entry of judgment in favor of Plaintiffs and against Defendant providing:

1. That Samuels Jewelers, Inc., its officers, employees, agents, independent contractors and all other persons acting in active concert or participation with them, be preliminarily and then permanently enjoined from:

   (a) advertising, promoting, commercializing, selling, offering for sale, distributing or otherwise copying copies of the Mother and Child design;

   (b) otherwise infringing the Mother and Child copyrights; and

   (c) benefitting from the misuse, misappropriation, pirating and theft of the Mother and Child design.

2. That all infringing articles be delivered to Richline for destruction.

3. That Defendant pays Plaintiffs the greater of Plaintiffs' actual damages, Defendant's profits or statutory damages as provided in 17 U.S.C. § 504(c).

4. That any monetary award be increased in accordance with 17 U.S.C. § 504(c)(2) as willful acts.

5. That the Plaintiffs be awarded their costs and attorneys' fees incurred herein pursuant to 17 U.S.C. § 505.

6. Awarding Plaintiffs such other relief as this Court deems necessary and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

**Date:** September 20, 2012

/Peter G. Nikolai/
Peter G. Nikolai (#322,052)
James T. Nikolai (#144,101)
NIKOLAI & MERSEREAU, P.A
900 Second Avenue South, Suite 820
Minneapolis, MN 55402
Telephone: (612) 339-7461
Facsimile: (612) 349-6556

**ATTORNEYS FOR PLAINTIFFS
RICHLINE GROUP, INC. AND
JANEL RUSSELL DESIGNS, INC.**